IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE M. PERNELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING LP, RECONTRUST COMPANY and DOES 1 through 10 inclusive,<br><br>　　　　Defendants.<br>_____/ | No. 2:09-cv-03561 FCD KJN PS<br><br>ORDER |

　　　　Presently before the court is defendants' motion to dismiss the complaint filed by plaintiff, who is proceeding without counsel.[1] (Dkt. No. 5.) The court heard this matter on its law and motion calendar on April 1, 2010. Attorney Benjamin J.B. Allen appeared via telephone on behalf of defendants. Monique M. Pernell, the plaintiff, appeared on her own behalf. The undersigned has considered the parties' briefs, oral arguments, and the record in this case and, for the reasons stated below, grants defendants' motion to dismiss without prejudice and grants

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 8).

1

plaintiff leave to file a first amended complaint within 30 days of the date of this order.[2]

I.   BACKGROUND

On April 25, 2006, plaintiff executed and delivered to defendant BAC Home Loans Servicing, LP ("BAC Home Loans") a written promissory note in an amount of $285,519.00 regarding the property located at 5291 Scarborough Way in Sacramento, California. (Pl.'s Compl. ¶¶ 1, 5 & Ex. B, Dkt. No. 1, Doc. 1-2 at 3, 4, 10-13.)  Plaintiff secured payment of the principal and interest sums with a deed of trust delivered to defendant Reconstrust Company as beneficiary, which was recorded on May 2, 2006. (Id. ¶ 6 & Ex. C.)  On August 10, 2009, defendant Recontrust Company recorded a Trustee's Deed Upon Sale, which indicates an unpaid debt, and resulting sale price paid by defendant BAC Home Loans at public auction, of $294,877.65. (Id. ¶ 7 & Ex. D.)

On November 13, 2009, plaintiff filed her complaint in Sacramento Superior Court. (Dkt. No. 1, Doc. 1-2 at 3-7.)  On November 18, 2009, plaintiff filed an application for a restraining order ("TRO") in the Superior Court, which was denied. (Dkt. No. 1, Doc. 1-2 at 71-72.)  On December 23, 2009, defendants filed a notice of removal with this court. (Dkt. No. 1.)  Defendants allege in their notice of removal that they were not served with plaintiff's summons and compliant and that they received notice of the complaint only after receiving plaintiff's application for a TRO in state court on November 24, 2009. (Dkt. No. 1 at 2:9-11.)  Accordingly, defendants' removal was timely. See 28 U.S.C. § 1446(b).

The complaint seeks declaratory relief (claim one), injunctive relief setting aside the foreclosure sale (claim two), and an accounting of money that defendants allegedly owe plaintiff. (See Pl.'s Compl. ¶¶ 9-14.)  Plaintiff's declaratory relief alleges that no breach of an obligation for which the deed of trust serves as security has occurred because "(a) Plaintiff contends that Fraud and embezzlement in the inception of the purported mortgage loan, and (b)

---

[2] Plaintiff was advised at oral argument and is cautioned again herein that she must have both a factual and legal basis for each claim alleged in any amended complaint that she files.

1  Defendant BAC HOME LOANS . . . refusal to validate the debt under the **FAIR DEBT
2  COLLECTIONS ACT** and the **TRUTH IN LENDING ACT, 15 U.S.C. 1601 ET SEQ**
3  **(TILA)**[.]" (Id. ¶ 8a[3] (emphasis in original); see also id. ¶ 8b (alleging perpetration of fraud and
4  refusal to validate the debt).)  In what appears to be part of the declaratory relief claim, plaintiff
5  also alleges that Recontrust Company "improperly conducted the [trustee's] sale in that
6  Defendant failed to comply with the publishing and posting requirements of *Civil Code §2924f*
7  and by failure to comply and follow both Federal and State foreclosure procedures and non
8  compliance of proper notification of foreclosure and trustee sale and also right to reinstate[.]"
9  (Id. ¶ 9.)

10         Plaintiff's remaining claims also are tersely pled.  Plaintiff's claim for injunctive
11  relief seeks to set aside the trustee's sale and is premised on the allegations pled in support of
12  plaintiff's declaratory relief claim.  (Id. ¶¶ 11-12.)  Finally, plaintiff's claim for an accounting is
13  confined to one paragraph, which states: "The amount of money Defendants owes to Plaintiff is
14  unknown to Plaintiff and cannot be determined without an accounting."  (Id. ¶ 14.)

15         On December 30, 2009, defendants filed their motion to dismiss.  (Dkt. No. 5.)
16  Plaintiff filed a written opposition to defendants' motion.  (Dkt. No. 9.)

17  II.    LEGAL STANDARDS

18         A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)
19  challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase
20  Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard
21  of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and
22  plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see
23  also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a
24  motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts

---

[3] Plaintiff's complaint contains two paragraphs numbered "8."  The undersigned will refer to these paragraphs as "8a" and "8b."

to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts "all facts alleged as true and construes them in the light most favorable to the plaintiff." County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1241 n.1 (9th Cir. 2009). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[4] Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). However, under the "incorporation by reference" doctrine, a court may also review documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th

---

[4] Defendants filed a request for judicial notice with respect to numerous documents. (Dkt. Nos. 5-2 through 5-5.) The undersigned denies defendants' request for judicial notice as moot because consideration of these documents was not required for the disposition of defendants' motion to dismiss. The undersigned notes that defendants rely on California state law in support of their request for judicial notice and encourages defendants to premise any future request for judicial notice on federal law.

4

Cir. 2005) (citation omitted and modification in original).  The incorporation by reference doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."  Id.

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a claim.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  These circumstances include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged" (citation omitted).).  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  Kearns, 567 F.3d at 1124 (citing Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted and modification in original).

III.   DISCUSSION

    A.   Plaintiff's Claim for Declaratory Relief

        1.   Failure to Tender

Defendants first argue that all of plaintiff's claims for relief should be dismissed because plaintiff has not alleged that she tendered the full amount owed on the loan prior to

5

commencing her lawsuit. (Memo. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 4-5.) Plaintiff does not directly respond to defendants' argument in her opposition brief, but she stated at the hearing on defendant's motion to dismiss that she has not tendered the amount of the loan.

"Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness." Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) (citations and quotation marks omitted); see also Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'") (citing Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 92 Cal. Rptr. 851 (Ct. App. 1971)). A tender must be one of full performance and must also be unconditional. Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 580, 205 Cal. Rptr. 15, 18 (Ct. App. 1984).

The California Court of Appeal has held that the tender rule applies in an action to set aside a trustee's sale for irregularities in the sale notice or procedure and has stated that "[t]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." FPCI RE-HAB 01 v. E & G Invs., Ltd., 207 Cal. App. 3d 1018, 1021, 255 Cal. Rptr. 157, 160 (Ct. App. 1989). Furthermore, a party must allege full tender "in order to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Savs. Bank, 43 Cal. App. 4th 1101, 1109, 51 Cal. Rptr. 2d 286, 292 (Ct. App. 1996); see also Arnolds Mgmt. Corp., 158 Cal. App. 3d at 579, 205 Cal. Rptr. at 18 ("A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender" (citation omitted)). However, an offer of tender may not be required where it would be inequitable. Pantoja, 640 F. Supp. 2d at 1184 (citing Humboldt Sav. Bank v. McCleverty, 161 Cal. 285, 291, 119 P. 82 (1911) (holding that it would be inequitable to impose the tender requirement where a portion of the debt at issue did not belong to the party subject to the tender rule); see also Vissuet v. Indymac Mortgage

6

1  Servs., No. 09-CV-2321-IEG (CAB), 2010 WL 1031013, at *7 (S.D. Cal. Mar. 19, 2010)
2  ("[B]ecause Plaintiff alleges improprieties with the origination and servicing of her loan, and
3  because the trustee sale has not taken place yet, the Court declines to require Plaintiff to make or
4  allege an actual tender at this time.").

5  Here, plaintiff's complaint does not allege a tender of payment.  Defendants
6  contend that all of plaintiff's claims relate to the alleged irregularity of the trustee's sale and, as a
7  result, all of the claims should be dismissed for want of an allegation in the complaint that
8  plaintiff has tendered the full amount due on the loan.

9  As an initial matter, defendant's argument does not account for the fact that
10 plaintiff has alleged fraud at the inception of the loan, which does not relate to the alleged
11 irregularities of trustee's sale.  Moreover, plaintiff's claim for an accounting seeks money owed
12 her by defendants.  Although both of those claims will be dismissed without prejudice for the
13 reasons stated below, neither appears to relate to irregularities in the trustee's sale.  Thus,
14 defendants' contention regarding the reach of the tender rule is misplaced.

15 However, defendants are correct that because plaintiff alleges irregularities with
16 the trustee's sale, she must allege a proper tender of the amount due on the loan or that such a
17 requirement would be inequitable.  Plaintiff's claim for declaratory relief is premised, in part, on
18 a failure to adhere to "the publishing and posting requirements" of California Civil Code § 2924f.
19 (Pl.'s Compl. ¶ 8b.)  In addition, plaintiff seeks to set aside the trustee's sale.  (Id. ¶ 12; see also
20 id. at 5:3-13.)  Accordingly, plaintiff's complaint will be dismissed without prejudice, and
21 plaintiff will be permitted to file an amended complaint that alleges either: (1) a full and
22 unconditional tender for the amount due on the loan; or (2) adequate reasons why application of
23 the tender rule would be inequitable in this case.

24          2.      Plaintiff's Allegations of Fraud

25 Plaintiff's first claim for relief alleges, in part, that fraud and embezzlement
26 occurred at the inception of the loan at issue.  (Pl.'s Compl. ¶¶ 8a, 8b.)  Defendants move for

7

dismissal of plaintiff's fraud claim on three grounds: (1) a claim for fraud at the inception of the loan is time barred under the applicable statute of limitations; (2) defendants fully disclosed the terms of the loan that plaintiff freely entered into; and (3) plaintiff has failed to plead her fraud claim with the requisite particularly required by Federal Rule of Civil Procedure 9(b). (See Memo. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 9.)

Defendants first argue that plaintiff's fraud claim is barred by the applicable statute of limitations. California Code of Civil Procedure 338(d) provides that an action for relief on the ground of fraud or mistake must be commenced within three years, but that "[t]he cause of action . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

Here, plaintiff alleges that she obtained the loan at issue on or around April 25, 2006. (Pl.'s Compl. ¶ 5.) Thus, the statute of limitations ran on April 25, 2009. Cal. Civ. Proc. Code § 338(d). As a result, the fraud claim contained in plaintiff's complaint, filed November 13, 2009, was untimely and plaintiff's fraud claim will be dismissed. However, dismissal of plaintiff's fraud claim will be without prejudice so that plaintiff may attempt to plead facts showing that her claim accrued after April 25, 2006, based on her lack of discovery of the alleged fraud such that she falls within the limitations period set forth in California Code of Civil Procedure § 338(d).

Defendants next argue, in the span of one sentence, that plaintiff's fraud claim fails because defendants fully disclosed the terms of the loan to plaintiff. (Memo. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 9:6-7.) Defendants essentially request summary judgment on plaintiff's fraud claim and offer no argument in support. The undersigned declines to convert defendants' motion to dismiss to a motion for summary judgment and, accordingly, denies defendant's motion on that particular ground.

Defendants also argue that plaintiff failed to plead her claim of fraud with particularity, which is required under Federal Rule of Civil Procedure 9(b). The elements of an

1  intentional misrepresentation claim under California law are: "(1) a misrepresentation, (2) with
2  knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation,
3  (4) justifiable reliance, and (5) resulting damage." Conroy v. Regents of Univ. of Cal., 45 Cal.
4  4th 1244, 1255, 203 P.3d 1127, 1135 (2009); accord Lazar v. Superior Court, 12 Cal. 4th 631,
5  638, 909 P.2d 981, 984 (1996). In addition, as stated above, a claim for fraud must be pled with
6  particularity, Fed. R. Civ. P. 9(b), including allegations regarding the time, place, and specific
7  content of the false representations, and the identities of the parties to the misrepresentation. See
8  Swartz, 476 F.3d at 764.

9           Here, plaintiff's complaint seeks declaratory relief premised, in part, on a claim of
10 fraud at the inception of the loan. (Pl.'s Compl. ¶¶ 8a, 8b.) The complaint pleads no facts that
11 substantiate the elements of a fraud claim, let alone with the particularity required by Rule 9(b).
12 The complaint alleges fraud generally and does not specify the who, what, when, where, and how
13 of the misconduct charged. See Kearns, 567 F.3d at 1124. Accordingly, plaintiff's claim of
14 fraud will be dismissed. However, the dismissal is without prejudice, and plaintiff may file an
15 amended complaint that strictly meets the pleading standards described in this order.

16          The undersigned also notes that plaintiff's opposition to the motion to dismiss
17 attempts to plead a claim of fraud based on the elements stated above, and with more
18 particularity than is present in the complaint. (See Pl.'s Opp'n to Mot. to Dismiss at 2, 4-6.) For
19 example, plaintiff alleges the following misrepresentation: "The Defendants made statements and
20 supplied written material that they are an, 'honest and long standing mortgage company and they
21 did not practice deceptive tactic that other mortgage companies have practiced.'" (Id. at 4:14-16.)
22 Although this level of pleading exceeds that contained in the complaint, plaintiff is admonished
23 to include in any amended complaint the specific, essential factual allegations surrounding her
24 claim of fraud consistent with the standards set forth above.
25 ////
26 ////

3. Validation of the Debt under the Truth In Lending Act or the "Fair Debt Collection Act"

Plaintiff's claim for declaratory relief is premised, in part, on an allegation that defendant BAC Home Loans refused to "validate the debt" under the "Fair Debt Collections Act" and the Truth In Lending Act. (Pl.'s Compl. ¶¶ 8a, 8b.) Defendants move to dismiss plaintiff's claim for declaratory relief on the grounds that plaintiff has not stated a claim under: (1) the Truth In Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"); (2) the federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"); or (3) California's Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §§ 1788 et seq. ("RFDCPA"). (See Memo. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 7-8, 10-12.) Plaintiff's opposition brief does not directly address defendants' arguments.

a. Validation of the Debt Pursuant to TILA

Plaintiff alleges in conclusory fashion that defendant BAC Home Loans refused to validate her debt, in part, pursuant to TILA. (Pl.'s Compl. ¶¶ 8a, 8b.) Defendants contend that plaintiff has failed to adequately plead a claim for relief based on the TILA statute. (Memo. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 7-8.) Specifically, defendants contend that: (1) plaintiff has not identified any section of TILA requiring validation of debts; (2) plaintiff was provided with all of the disclosures required under TILA, and (3) to the extent plaintiff is seeking damages or challenging the legitimacy of her loan, such claims are time-barred.

Plaintiff's response to defendants' arguments consist of an allegation that (1) she demanded validation of her debt under the "Fair Debt Collections Practices Act," which is discussed below; and (2) defendants did not disclose the facts of a "hidden agenda" as required under TILA, citing the statute generally. (Pl.'s Opp'n to Mot. to Dismiss at 2-3, 5.)

Congress enacted TILA to foster the "informed use of credit" and stated that the purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the

uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Generally, the statute requires "creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638).

The undersigned concludes that plaintiff's claim that BAC Home Loans refused to validate the debt under TILA does not state a claim on which relief can be granted. Although alleging a violation of TILA, she has not identified the provision of that statute that defendants are alleged to have violated by refusing to "validate the debt." Furthermore, plaintiff has not alleged the circumstances surrounding any demand on her part that defendants validate a debt. Moreover, plaintiff's opposition brief suggests that her claim that defendants' refusal to "validate the debt" is premised on the "Fair Debt Collections Practices Act," and not TILA. (See Pl.'s Opp'n to Mot. to Dismiss at 2-3.) Finally, plaintiff's opposition brief suggests that her TILA-based claim relates to defendants' failure to make disclosures, and that the claim is tied to her claim of fraud. Thus, the undersigned cannot conclude that plaintiff has sufficiently put defendants on notice of their conduct that provides the basis for their liability under TILA. Accordingly, plaintiff's declaratory relief claim will be dismissed to the extent that it is premised on a TILA violation, but plaintiff will be permitted to file an amended complaint that conforms to the pleading standards set forth in Federal Rule of Civil Procedure 8(a) and in this order.

The undersigned does not address defendants' arguments based on the adequacy of the disclosure documents presented to and signed by plaintiff, the limitations periods set forth in the TILA statute, or any related arguments in favor of tolling the limitations periods because the factual basis for plaintiff's claim under TILA is indiscernible in the complaint.[5] Defendants

---

[5] Generally, a TILA suit for damages must be brought within one year of the date of the occurrence of the alleged violation, but that time period is subject to equitable tolling. See 15 U.S.C. § 1640(e); King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). A TILA suit

11

may raise these challenges, if applicable, in a motion to dismiss any amended complaint filed by plaintiff that asserts TILA violations.

          b.      <u>Validation of the Debt Pursuant to the FDCPA or the RFDCPA</u>

Defendants also move to dismiss plaintiff's declaratory relief claim to the extent that it is premised on an alleged violation of either the FDCPA or California's RFDCPA. (Memo. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 10-12.)  As defendants point out, plaintiff's complaint alleges violations of the "FAIR DEBT COLLECTIONS ACT" and does not distinguish between the federal FDCPA and the RFDCPA based on state law.  Thus, defendants make arguments with respect to both statutes.  Their arguments under both statutes, however, are essentially the same in that they argue that defendants are not "debt collectors" under either statute and that foreclosure is not a covered debt collection activity.  Plaintiff does not respond to defendants' arguments in her opposition brief.

With respect to federal law, "[t]he Fair Debt Collection Practices Act prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." <u>Heintz v. Jenkins</u>, 541 U.S. 291, 292 (1995) (second modification in original).  The FDCPA contains a provision related to the "validation of debts." 15 U.S.C. § 1692g. Section 1692g(a) requires that a debt collector provide the debtor with a statutorily defined notice of the debt being collected, and section 1692g(b) requires a debt collector to verify debts that a consumer timely asserts is disputed.[6]  <u>Id</u>. § 1692g(a)-(b); <u>see also</u> <u>Clark v. Capital</u>

---

for rescission must be brought within "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," 15 U.S.C. § 1635(f), and this limitation is not subject to equitable tolling. See <u>Beach</u>, 523 U.S. at 411-12.

[6] Section 1692g(b) states:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains

Credit & Collection Servs., Inc., 460 F.3d 1162, 1173-74 (9th Cir. 2006) ("At the minimum, 'verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed'" (citation omitted)).

In order to be liable under the FDCPA, a defendant must fall within the statutory definition of "debt collector" and have been engaged in the collection of a debt. See Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008). The FDCPA defines a "debt collector" generally as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added). In addition, district courts have held that the act of foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA. Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)[7] ("[T]he activity of foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."); accord Izenberg, 598 F. Supp.

---

> verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

[7] In Hulse, the district court reasoned: "Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." 195 F. Supp. 2d at 1204.

13

2d at 1199.[8]

Here, plaintiff appears to allege that BAC Home Loans violated the FDCPA by refusing to validate her debt, but it also appears from the complaint that BAC Home Loans's alleged misconduct relates to the debt plaintiff owed on a loan made by BAC Home Loans. As BAC Home Loans was not attempting to collect the debt of another, BAC Home Loans does not fall within the definition of "debt collector" provided in the FDCPA. Moreover, BAC Home Loans's alleged misconduct appears to relate to foreclosure on plaintiff's property and, for that additional reason, the FDCPA does not apply.

The result is the same to the extent that plaintiff's claim relies on the provision of California's RFDCPA. The RFDCPA incorporates much of the FDCPA and requires that debt collectors comply with Sections 1692b through 1692j of the FDCPA, except, as relevant here, 15 U.S.C. § 1692g shall not apply to persons defined in 15 U.S.C. § 1692a(6)(A) and (B) or their principals.[9] Cal Civ. Code § 1788.17. The RFDCPA defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Id. § 1788.2. Although the RFDCPA's definition of "debt collector" is broader than the definition in the FDCPA, district courts have repeatedly held that, as with the FDCPA, the RFDCPA does not apply to lenders foreclosing on a deed of trust. See, e.g., Izenberg, 589 F. Supp. 2d at 1199 (stating that "foreclosure does not constitute debt collection under the RFDCPA"); accord Rogers, 2010 WL 144861, at *12; Ricon v. Recontrust

---

[8] See also Whittle v. Wells Fargo Bank, N.A., No. CV F 10-229 LJO SMS, 2010 WL 682425, at *5-6 (E.D. Cal. Feb. 24, 2010); Rogers v. Cal State Mortgage Co., No. CV F 09-2107 LJO DLB, 2010 WL 144861, at *11 (E.D. Cal. Jan. 11, 2010); Fuentes v. Duetsche Bank, No. 09 CV 502 JM(PCL), 2009 WL 1971610, at *3 (S.D. Cal. July 8, 2009).

[9] Section 1692a(6) states that the term "debt collector" does not include "(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts . . . ." 15 U.S.C. § 1692a(6)(A)-(B).

Co., No. 09cv937-IEG-JMA, 2009 WL 2407396, at *4 (S.D. Cal. Aug. 4, 2009); Gamboa v. Trustee Corps, No. 09-0007 SC, 2009 WL 656285, at *4 (N.D. Cal. Mar. 12, 2009) ("[T]he law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or the FDCA."); Ines v. Countrywide Home Loans, Inc., No. 08cv1267 WQH (NLS), 2009 WL 690108, at *4 (S.D. Cal. Mar. 12, 2009) ("This action challenges the lawfulness of foreclosure proceedings on Plaintiff's property, which is not the collection of a debt within the meaning of the RFDCPA or the FDCPA.").

Accordingly, plaintiff's declaratory relief claim will be dismissed to the extent that it is premised on allegations that BAC Home Loans violated the FDCPA or RFDCPA. However, plaintiff will be granted leave to amend her complaint to allege facts that would, if at all, substantiate a claim under either of those statutes.

    4.    Compliance with Foreclosure Publication and Notice Requirements

Plaintiff's complaint alleges that Recontrust Company "improperly conducted the [trustee's] sale in that Defendant failed to comply with the publishing and posting requirements of *Civil Code §2924f* and by failure to comply and follow both Federal and State foreclosure procedures and non compliance of proper notification of foreclosure and trustee sale and also right to reinstate[.]" (Id. ¶ 9 (emphasis in original).) Plaintiff provides no additional facts regarding this allegation. Defendants move to dismiss plaintiff's declaratory relief claim to the extent it is premised on allegations of an improper sale by the trustee. (Memo. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 5-7.) Plaintiff's opposition brief does not address defendants' arguments.

In their brief, defendants discuss at length the notice and publication requirements contained in California Civil Code § 2924f and which notice and publication provisions contained in that statute might apply to plaintiff's claim. Simply put, plaintiff has failed to allege enough facts in her complaint to allow the undersigned to draw the reasonable inference that defendant is liable for the misconduct alleged. See Iqbal, 129 S. Ct. at 1949. Plaintiff does not

allege facts regarding how defendants violated the publishing and posting requirements of Section 2924f or why any such posting was deficient. And although the allegations of a party proceeding without counsel must be construed broadly, the court is not required to accept as true conclusory allegations. See Paulsen, 559 F.3d at 1071. Here, plaintiff has only provided conclusory allegations and, accordingly, plaintiff's declaratory relief claim will also be dismissed with respect to the allegation of an improper trustee sale of the property. Plaintiff will be granted leave to file an amended complaint that meets the pleading standards stated above.

    B.    <u>Plaintiff's Claim for Injunctive Relief</u>

Plaintiff's second claim for relief is claim for injunctive relief to set aside the trustee's sale of her property. (Pl.'s Compl. ¶¶ 11-12.) However, injunctive relief is a remedy, not an independent claim for relief. See, e.g., Boland, Inc. v. Rolf C. Hagen (USA) Corp., No. CIV. S-08-2201 LKK/JFM, slip op., ___ F. Supp. 2d ___, 2010 WL 493422, at *14 (E.D. Cal. Feb. 4, 2010) ("Injunctive relief, like restitution, is ordinarily a remedy rather than an independent cause of action."); Mangindin v. Wash. Mut. Bank, 637 F. Supp. 2d 700, 709 (N.D. Cal. 2009) ("Rescission and injunctive relief are not independent causes of action.").[10] Accordingly, the undersigned will dismiss plaintiff's "claim" for injunctive relief without leave to amend. Plaintiff may, however, seek an injunction as a "remedy" to the extent that she is able state a claim on which an injunction could be granted and plead for such relief as a remedy for that claim.

    C.    <u>Plaintiff's Claim for an Accounting</u>

Plaintiff's final claim is one for an accounting of what defendants owe to plaintiff. (Pl.s' Compl. ¶ 14.) Under California law, "[a] cause of action for an accounting requires a

---

[10] See also Moreno v. Citibank, N.A., No. C 09-5339 CW, 2010 WL 1038222, at *5 (N.D. Cal. Mar. 19, 2010); Vissuet, 2010 WL 1031013, at *7 (citing Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168, 168 P.2d 930 (Ct. App. 1942)); Curtis v. Option One Mortgage Corp., No. 109-cv-1608 AWI SMS, 2010 WL 599816, at *13 (E.D. Cal. Feb. 18, 2010) ("Under Federal law, an injunction is a remedy to another claim or cause of action and not a claim or cause of action in and of itself.").

showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that *some balance is due the plaintiff* that can only be ascertained by an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179, 92 Cal. Rptr. 3d 696, 715 (Ct. App. 2009) (emphasis added). Although a claim for an accounting may exist as between parties to a fiduciary relationship, a fiduciary relationship is not a requirement of a claim for accounting—"[a]ll that is required is some relationship that requires an accounting."[11] Id. at 179, 92 Cal. Rptr.3d at 716. The California Court of Appeal has stated that "[t]he right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender." Id. at 179-80, 92 Cal. Rptr. 3d at 716. However, an accounting claim is dependent on a substantive basis for liability such that an accounting claim has no separate viability if a plaintiff's other claims for relief fail. See, e.g., Glue-Fold, Inc. v. Slautterback Corp., 82 Cal. App. 4th 1018, 1023 n.3, 98 Cal. Rptr. 2d 661, 663 n.3 (Ct. App. 2000); Janis v. Cal. State Lottery Comm'n, 68 Cal. App. 4th 824, 833-34, 80 Cal. Rptr. 2d 549, 554-55 (Ct. App. 1998).

      Here, plaintiff has alleged that she has a relationship with defendants predicated on the promissory note and deed of trust at issue. However, the allegations related to plaintiff's claim for an accounting, and those incorporated by reference, do not provide a factual basis for the proposition that some balance is due the plaintiff that can only be ascertained by an accounting. The complaint only contains her single conclusory allegation, which is not sufficient to state a claim on which relief can be granted. (Pl.'s Compl. ¶ 14.) Accordingly, plaintiff's claim for an accounting will be dismissed without prejudice, and plaintiff will be permitted an

---

[11] To the extent plaintiff attempts to allege the existence of a fiduciary duty between herself and her lender, she should be aware of California court decisions that have held that, absent special circumstances, a lender and borrower do not share a fiduciary relationship. See, e.g., Oaks Mgmt. Corp. v. Superior Court, 154 Cal. App. 4th 453, 466, 51 Cal. Rptr. 3d 561, 570 (Ct. App. 2006); Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093 n.1, 283 Cal. Rptr. 53, 54 n.1 (Ct. App. 1991).

additional opportunity to attempt to state a claim for an accounting.[12]

Defendants argue, in part, that plaintiff is seeking an accounting of what she owes to defendants.[13]  (See Memo. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 2, 13-14.) Plaintiff's complaint clearly seeks an accounting of what defendants owe her, not what she owes defendants.  Accordingly, the undersigned does not address defendants' arguments predicated on plaintiff's purported request for an accounting of what she owes defendants.

IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants motion to dismiss is granted.

2. Plaintiff is granted leave to amend her complaint as to all claims except for her claim for injunctive relief, and shall have 30 days from the date of this order to file an amended pleading entitled "First Amended Complaint."  The First Amended Complaint should be complete in itself without reference to any prior complaint.  Eastern District Local Rule 220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

**IT IS SO ORDERED.**

DATED: April 2, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[12] Plaintiff should be aware that an action for accounting is not available under California law "where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation."  Teselle, 173 Cal. App. 4th at 179, 92 Cal. Rptr. 3d at 715.

[13] Plaintiff did not address in her written opposition any of defendants' arguments in favor of dismissal of her accounting claim.