IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONIQUE M. PERNELL,

    Plaintiff,

v.

BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING LP, RECONTRUST COMPANY and DOES 1 through 10 inclusive,

    Defendants.
_____/

No. 2:09-cv-03561 FCD KJN PS

<u>ORDER</u>

    Defendants removed this action to federal court and subsequently moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b). (Dkt. Nos. 1, 5.) On April 2, 2010, this court granted defendants' motion without prejudice and dismissed plaintiff's complaint with leave to file an amended complaint. (Dkt. No. 16.) Plaintiff filed a First Amended Complaint on April 28, 2010. (Dkt. No. 17.) Also on April 28, 2010, the court issued a summons directing defendants to file an answer to the First Amended Complaint within 21 days of service of that summons. (Dkt. No. 18.) A later-filed proof of service indicates that defendants' counsel of record were served with the First Amended Complaint and the related summons on May 13, 2010. (Dkt. No. 19.)

1

1  Defendants failed to file a response to plaintiff's First Amended Complaint. On
2 July 16, 2010, nearly two months after plaintiff filed her First Amended Complaint, the court
3 ordered defendants to "show cause, in writing, on or before August 6, 2010, why appropriate
4 sanctions should not be imposed upon them for failure to file an answer or other response to
5 plaintiff's First Amended Complaint." (Dkt. No. 20.)
6  On August 6, 2010, defendant filed a response to the order to show cause
7 ("OSC"), along with a motion to dismiss plaintiff's First Amended Complaint. (Dkt. Nos. 21,
8 22.) Defendants' response explains that defendants' lead counsel's associate departed from their
9 law firm, and that lead counsel missed the deadline during this period of transition despite the
10 fact that the deadline had been calendared using the firm's calendaring software.
11  Defendants' lead counsel's failure is unfortunate, especially given the delay it has
12 caused in moving this case forward. However, the undersigned will discharge the OSC without
13 imposing a sanction on defendants or their attorneys on the ground that defendants' counsel's
14 error constitutes excusable neglect, even if barely so. *However, defendants' lead counsel is*
15 *reminded that he and his associate attorneys bear equal responsibility with respect to*
16 *calendaring and meeting the court's deadlines*. Future failures by defendants and their counsel
17 in this regard will result in the imposition of appropriate sanctions. See E. Dist. Local Rules 110
18 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may
19 be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or
20 within the inherent power of the Court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d
21 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control
22 their dockets and may impose sanctions); cf. Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir.
23 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable
24 failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure
25 41(b), 16(f), and the inherent power of the court.").
26 ////

Accordingly, IT IS HEREBY ORDERED that:

1. The OSC entered July 16, 2010 (Dkt. No. 20), is discharged.

2. Defendants' motion to dismiss plaintiff's First Amended Complaint (Dkt. No. 22) is deemed filed.[1]

3. The hearing on defendants' motion to dismiss, which defendants noticed for hearing on September 16, 2010, is continued and will be heard on Thursday, September 30, 2010, at 10:00 a.m., in Courtroom 25. Plaintiff shall file a written opposition to defendant's motion to dismiss the First Amended Complaint, or a statement of non-opposition, in accordance with the court's Local Rules, including Local Rule 230(c).

IT IS SO ORDERED.

DATED: August 11, 2010

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] A motion made pursuant to Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). In the Ninth Circuit, a party may file a motion pursuant to Federal Rule of Civil Procedure 12(b) at "any time before the responsive pleading is filed." Aetna Life Ins. Co. v. Alla Med. Servs., Inc., 855 F.2d 1470, 1474 (9th Cir. 1988) (citing Bechtel v. Liberty Nat'l Bank, 534 F.2d 1335, 1340-41 (9th Cir. 1976)); see also Sun Microsystems Inc. v. Hynix Semiconductor Inc., 534 F. Supp. 2d 1101, 1118 (N.D. Cal. 2007); Reiffin v. Microsoft Corp., 158 F. Supp. 2d 1016, 1031-32 (N.D. Cal. 2001); Destfino v. Kennedy, No. CV-F-08-1269 LJO DLB, 2009 WL 1706095, at *2 (E.D. Cal. June 9, 2009) (unpublished).