IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONIQUE M. PERNELL,

Plaintiff,

No. 2:09-cv-03561 FCD KJN PS

v.

BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING LP, RECONTRUST COMPANY and DOES 1 through 10,

Defendants.

ORDER and FINDINGS AND RECOMMENDATIONS

_____________________________________/

Presently before the court is defendants' motion to dismiss the First Amended Complaint filed by plaintiff, who is proceeding without counsel.[1] (Dkt. No. 22.) Because oral argument would not materially aid in the resolution of the pending motion, this matter was submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). The undersigned has considered the materials submitted by the parties and, for the reasons stated below, recommends that defendants' motion to dismiss be granted and that plaintiff's First Amended Complaint be dismissed with prejudice.

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

I. BACKGROUND[2]

On April 25, 2006, plaintiff executed and delivered to Countrywide Home Loans, Inc. ("Countrywide"), now known as BAC Home Loans Servicing, LP ("BAC Home Loans"), a written promissory note in an amount of $285,519.00 regarding the property located at 5291 Scarborough Way in Sacramento, California. (First Am. Compl. ¶ 15, Dkt. No. 17; Request for Judicial Notice[3] ("RFJN"), Ex. A.) Plaintiff secured payment of the principal and interest sums with a deed of trust delivered to defendant Reconstrust Company, N.A. ("Recontrust Company") as trustee, which was recorded on May 2, 2006. (Id. ¶¶ 16-17; RFJN, Ex. B.) On March 23, 2009, Recontrust Company recorded a notice of default and election to sell as instrument number 20090323 in the Sacramento County Recorder's office. (RFJN, Ex. C; see First Am. Compl. ¶ 18[4].) A Notice of Trustee's Sale was recorded on July 16, 2009, and, ultimately, a Trustee's Deed Upon Sale was recorded on August 10, 2009, which reflects an unpaid debt of $294,877.65. (RFJN, Exs. D, E.) The Trustee's Deed Upon Sale conveyed the subject property to BAC Home Loans Servicing, LP. (RFJN, Ex. E.)

On November 13, 2009, plaintiff filed her complaint in Sacramento Superior Court. (Compl., attached to Notice of Removal, Dkt. No. 1, Doc. 1-2 at 3-7.) On November 18, 2009, plaintiff filed an application for a restraining order ("TRO") in the Superior Court, which was denied. (Order, Nov. 20, 2009, attached to Notice of Removal, Dkt. No. 1, Doc. 1-2 at 71-72; see also RFJN, Ex. F.) On December 23, 2009, defendants filed a notice of removal with this court. (Notice of Removal, Dkt. No. 1.) Defendants allege in their notice of removal that they

---

[2] This factual background section is derived from the allegations in plaintiff's First Amended Complaint and judicially noticeable documents.

[3] As noted below, the undersigned grants defendants' request for judicial notice.

[4] Plaintiff's First Amended Complaint erroneously alleges that the notice of default and election to sell was recorded on August 10, 2009. (First Am. Compl. ¶ 18.) The judicially noticeable documents make clear that the notice of default and election to sell was recorded on March 23, 2009, and that a Trustee's Deed Upon Sale was recorded on August 10, 2009. (RFJN, Exs. C, E.)

were not served with plaintiff's summons and compliant and that they received notice of the complaint only after receiving plaintiff's application for a TRO in state court on November 24, 2009. (Id. at 2:9-11.) Accordingly, defendants' removal was timely. See 28 U.S.C. § 1446(b).

Plaintiff's original complaint sought declaratory relief (claim one), injunctive relief setting aside the foreclosure sale (claim two), and an accounting of money that defendants allegedly owe plaintiff. (See Pl.'s Compl. ¶¶ 9-14.) On December 30, 2009, defendants filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 5.) After a hearing, the undesigned entered an order granting defendants' motion to dismiss, but granted plaintiff leave to file a first amended complaint. (Order, Apr. 2, 2010, Dkt. No. 16.)

Plaintiff filed a timely First Amended Complaint, which alleges claims for (1) fraud; (2) violation of the Truth In Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"); (3) the federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"); (4) California's Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §§ 1788 et seq. ("RFDCPA"); (5) unlawful foreclosure; (6) violation of "statutory good faith and fair dealing"; and (7) violation of California Business and Professions Code § 17200. (See generally First Am. Compl.) Plaintiff's claim for declaratory relief alleged in her original complaint was premised on alleged wrongful acts committed by defendants that largely overlap with the claims alleged in the First Amended Complaint, and deficiencies pertaining to many of the claims raised in the First Amended Complaint were addressed in the court's previously entered order dismissing plaintiff's original complaint. (Order, Apr. 2, 2010.)

Defendants ultimately filed a motion to dismiss the First Amended Complaint.[5]

[5] Although plaintiff filed her First Amended Complaint on April 28, 2010, defendants failed to file any response to that pleading until August 12, 2010, when defendants filed their motion to dismiss. Plaintiff did not seek a clerk's entry of default or file a motion for default judgment during the interim. However, the court entered an order to show cause ("OSC") requiring defendants to show cause why they should not be sanctioned for neglecting this case for

Plaintiff filed a written opposition to the motion to dismiss.

II. LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity

---

months (OSC, Dkt. No. 20), and defendants' lead counsel offered a number of excuses for his aberrational and inadvertent failure in this regard, largely blaming his staff, his co-counsel, and his law firm's calendaring software (Response to OSC, Dkt. No. 21). The court discharged the OSC "on the ground that defendants' counsel's error constitute[d] excusable neglect, even if barely so." (Order, Aug. 12, 2010, at 2, Dkt. No. 23.)

to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). The court may take judicial notice of matters of public record, but "may not take judicial notice of a fact that is 'subject to reasonable dispute.'" Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001) (citing Fed. R. Evid. 201(b)). Under the "incorporation by reference" doctrine, a court may also review documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted and modification in original). The incorporation by reference doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Id.[6]

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a claim. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P.

---

[6] Defendants requests that the court take judicial notice with respect to numerous documents. (Dkt. No. 22, Doc. No. 22-1.) The undersigned grants defendants' request for judicial notice as to all of the documents as either public records or under the incorporation by reference doctrine. Plaintiff has not disputed the authenticity of any of the documents submitted by defendants.

9(b). These circumstances include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged" (citation and quotation marks omitted).). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124 (citing Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted and modification in original).

## III. DISCUSSION

### A. Plaintiff's Claim of Fraud

Plaintiff's first claim for relief alleges that defendants "used deceit and deception in creating and maintaining though its entirety a fraudulent mortgage loan." (First Am. Compl. ¶ 27.) Specifically, plaintiff alleges that BAC Home Loans, formerly Countrywide, "[f]raudulently sold Plaintiff's promissory note for value" and funded the loan check back to plaintiff. (Id.) She contends that "[i]n essence Plaintiff funded her own loan." (Id.) Defendants move for dismissal of plaintiff's fraud claim on the grounds that plaintiff has failed to plead the elements of a fraud claim and failed to plead that claim with the requisite particularly required by Federal Rule of Civil Procedure 9(b). (See Memo. of P. & A. in Supp. of Defs.' Mot. to Dismiss First Am. Compl. ("Defs.' Memo.") at 5-7.)

The elements of an intentional misrepresentation claim under California law are: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." Conroy v. Regents of Univ. of Cal., 45 Cal. 4th 1244, 1255, 203 P.3d 1127, 1135 (2009); accord Lazar v.

Superior Court, 12 Cal. 4th 631, 638, 909 P.2d 981, 984 (1996). In addition, as stated above, a claim for fraud must be pled with particularity, see Fed. R. Civ. P. 9(b), including allegations regarding the time, place, and specific content of the false representations, and the identities of the parties to the misrepresentation. See Swartz, 476 F.3d at 764.

Here, the allegations in plaintiff's First Amended Complaint do not support a claim of fraud. Although plaintiff's allegations fail to support any of the elements of a claim of fraud, most glaringly plaintiff has not identified any misrepresentation that provides the basis for such a claim. Moreover, the First Amended Complaint does not meet the particularity requirement of Rule 9(b). The complaint alleges fraud generally and does not specify the who, what, when, where, and how of the misconduct charged. See Kearns, 567 F.3d at 1124. Accordingly, the undersigned recommends that plaintiff's claim of fraud be dismissed. Such dismissal should be with prejudice because nothing in plaintiff's First Amended Complaint or written opposition suggests that she can cure her pleading deficiencies. Moreover, the court provided plaintiff with the requirements for pleading a claim of fraud when dismissing plaintiff's original complaint, and plaintiff either ignored the court's guidance or simply cannot meet these requirements. In either case, dismissal with prejudice is appropriate.

B. Plaintiff's TILA Claim

In her First Amended Complaint, plaintiff alleges that BAC Home Loans violated TILA by failing to disclose or concealing "the vital fact" that BAC Home Loans or Countrywide "was not making Plaintiff a loan, but used 'check kiting.'"[7] (First Am. Compl. ¶ 30.) Defendants move to dismiss plaintiff's TILA claim on the grounds that: (1) the claim is time-barred, and (2) plaintiff has not alleged any substantive TILA violation. (Defs.' Memo. at 7-9.)

Congress enacted TILA to foster the "informed use of credit" and stated that the

---

[7] "Check-kiting" refers to the "illegal practice of writing a check against a bank account with insufficient funds to cover the check, in the hope that the funds from a previously deposited check will reach the account before the bank debits the amount of the outstanding check." Black's Law Dictionary 231 (7th ed. 1999.)

purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Generally, the statute requires "creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638).

Here, plaintiff's claim that defendants violated TILA by not disclosing an illegal practice of check-kiting is conclusory and virtually unintelligible.[8] Moreover, plaintiff has not identified any provision of the TILA statute that defendants allegedly violated. Thus, the undersigned cannot conclude that plaintiff has sufficiently put defendants on notice of their conduct that provides the basis for their alleged liability under TILA. Accordingly, plaintiff's claim based on a violation of TILA should be denied.

Furthermore, plaintiff's TILA claim is barred by the applicable statute of limitations. Generally, a TILA suit for damages must be brought within one year of the date of the occurrence of the alleged violation, but that time period is subject to equitable tolling. See 15 U.S.C. § 1640(e); King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). A TILA suit for rescission must be brought within "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," 15 U.S.C. § 1635(f), and this limitation is not subject to equitable tolling. See Beach, 523 U.S. at 411-12.

Here, plaintiff executed the Note on April 25, 2006. (First Am. Comp. 15; RFJN, Ex. A.) Accordingly, the limitations period on any damages claim under TILA ran on April 25,

---

[8] Other judges of this court have squarely rejected the claim alleged by plaintiff here, which is premised on a violation of TILA disclosures based on a theory that a check-kiting scheme resulted in a borrower funding his or her own loan. See Reed v. Wells Fargo Home Mortgage Inc., No. CIV S-10-2133 GEB EFB PS, 2010 WL 5136196, at *5-6 (E.D. Cal. Dec. 10, 2010) (unpublished); Usher v. Greenpoint Mortgage Funding, Inc., No. CIV S-10-0952 LKK DAD PS, 2010 WL 4983468, at *5 (E.D. Cal. Dec. 2, 2010) (unpublished).

2007, and the limitations period on any rescission claim under TILA ran on April 25, 2009. However, plaintiff did not file her complaint in state court until November 13, 2009. Accordingly, her TILA claim should be dismissed on the additional ground that it is time-barred. Plaintiff has alleged no facts that would justify equitable tolling of the limitations period as to her damages claim and, accordingly, plaintiff's TILA-based claims should be dismissed with prejudice.

C. Plaintiff's FDCPA and RFDCPA Claims

Plaintiff's third and fourth claims for relief conclusorily allege that defendants failed to cease all collection activities until after such time that they "validated the debt," which violated the FDCPA and California's RFDCPA. (First Am. Compl. ¶¶ 32, 34.) In the undersigned's previously entered order dismissing plaintiff's original complaint with leave to amend, the undersigned concluded that plaintiff had failed to state claims under the FDCPA or the RFDCPA insofar as her "validation of the debt" theory was concerned because: (1) defendants did not fall within the requirements of the FDCPA or the RFDCPA because they were not "debt collectors" as defined by those statutes; and (2) the act of foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of these statutes. See Order, Apr. 2, 2010, at 12-15; see also Grill v. BAC Home Loans Servicing LP, No. CIV No. 10-CV-03057-FCD/GGH, 2011 WL 127891, at *9 (E.D. Cal. Jan. 11, 2011) (unpublished) (collecting cases). Although the undersigned provided plaintiff with leave to amend her claim regarding validation of the debt, plaintiff alleges no new facts in her First Amended Complaint that cure the deficiencies previously identified by the court. Accordingly, plaintiff's FDCPA claim and RFDCPA claim should be dismissed with prejudice.

D. Plaintiff's Unlawful Foreclosure Claim

Plaintiff also alleges a claim for unlawful or wrongful foreclosure, which asserts that defendants lacked standing to effectuate a foreclosure here because they are not the holders in due course. Defendants correctly point out that plaintiff's "holder in due course" theory,

which is the only basis for plaintiff's unlawful foreclosure claim, is not cognizable under California law. California law "does not require possession of the note as a precondition to non-judicial foreclosure under a Deed of Trust." Alicea v. GE Money Bank, No. C 09-00091 SBA, 2009 WL 2136969 at *2 (N.D. Cal. July 16, 2009) (unpublished); see also De Valle v. Mortgage Bank of Cal., No. CV-F-09-1316 OWW/DLB, 2010 WL 1813505, at *13 (E.D. Cal. May 5, 2010) (unpublished) (collecting cases); Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009). Accordingly, plaintiff's unlawful foreclosure claim should be dismissed with prejudice.

Additionally, plaintiff's unlawful foreclosure claim fails because plaintiff has not alleged that she tendered the full amount owed on the loan. See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness" (citations and quotation marks omitted).); see also Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'") (citing Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 92 Cal. Rptr. 851 (Ct. App. 1971)). In the order dismissing plaintiff's original complaint, the undersigned clearly admonished plaintiff that she must allege a proper tender of the entire indebtedness to challenge procedural irregularities pertaining to the foreclosure and trustee's sale at issue. (Order, Apr. 2, 2010, at 5-7.) Plaintiff's First Amended Complaint does not remedy this failure and, accordingly, plaintiff's unlawful foreclosure claim fails for this additional reason.

////

////

////

////

E. Plaintiff's Claim of A Violation of the Covenant of Good Faith and Fair Dealing

In her fifth claim for relief, plaintiff alleges that defendants violated the statutory[9] covenant of good faith and fair dealing. (First Am. Compl. ¶¶ 39-42.) Plaintiff again raises her "holder in due course" argument and her validation of debt argument (id. ¶¶ 40-41), both of which are not well-taken and fail for the reasons state above. Plaintiff also claims that although plaintiff contacted defendants on numerous occasions with Qualified Written Requests, defendants have refused to comply with plaintiff's requests in good faith. (Id. ¶ 39.) Defendants move to dismiss this claim arguing that plaintiff cannot state a claim for breach of the covenant of good faith and fair dealing because that covenant is a contract term, and plaintiff has failed to allege the existence of any contract between plaintiff and either defendant. (Defs.' Memo. at 11-12.)

Under California law, "[t]he prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties." Smith v. City & County of San Francisco, 225 Cal. App. 3d 38, 49, 275 Cal. Rptr. 17, 23 (Ct. App. 1990). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." Pasadena Live, LLC v. City of Pasadena, 114 Cal. App. 4th 1089, 1093-94, 8 Cal. Rptr. 3d 233, 237 (Ct. App. 2004).

Here, plaintiff has not alleged a contract between plaintiff and BAC Home Loans or Recontrust Company and has not alleged that defendants failed to comply with any purported contract. Therefore, plaintiff cannot state a claim against defendants for breach of the covenant of good faith and fair dealing.

Plaintiff's First Amended Complaint also references defendants' failure to respond to "Qualified Written Requests" ("QWRs") and, accordingly, might be attempting to

---

[9] Plaintiff does not identify any statute that imposes an obligation of good faith and fair dealing.

allege a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq. (First Am. Compl. ¶ 39.) Plaintiff's allegations in regards to the Qualified Written Requests are general and do not specify which provision of RESPA either defendant allegedly violated. Under 12 U.S.C. § 2605(e), loan servicers must timely respond to qualified written requests from borrowers. In regards to a qualified written request for information ("QWR"), 12 U.S.C. § 2605(e)(1) provides:

> (e) Duty of loan servicer to respond to borrower inquiries
>
> (1) Notice of receipt of inquiry
>
> (A) In general
>
> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.
>
> (B) Qualified written request
>
> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

Plaintiff's First Amended Complaint does not allege whether and when plaintiff actually sent a QWR to either defendant, whether the QWRs met the requirements of the statute, and what plaintiff sought through the QWR. Without more, plaintiff's claim should be dismissed to the extent it is premised on RESPA. See, e.g., Javaheri v. JPMorgan Chase Bank, N.A., No. CV10-08185 ODW (FFMx), 2011 WL 97684, at *4 (C.D. Cal. Jan. 11, 2011) (unpublished) (dismissing plaintiff's RESPA claim because plaintiff's complaint failed to allege that his request constituted a QWR under Section 2605(e)(1)(B)). Even taking plaintiff's allegations as true,

plaintiff's purported Qualified Written Requests really appear to be connected to plaintiff's legally unsupported allegations that defendants needed to "validate the purported debt" in order to foreclose on plaintiff's home and were not the "holders in due course." Based on the derivative nature of any potential RESPA claim, as well as the conclusory nature of such a potential claim, the undersigned cannot conclude that plaintiff could successfully amend her First Amended Complaint to state a claim for relief. Accordingly, the undersigned recommends that plaintiff's claim alleging a violation of the covenant of good faith and fair dealing, and any potential claim under RESPA, be dismissed with prejudice.

F. Plaintiff's UCL Claim

Plaintiff's First Amended Complaint includes a new, conclusory claim for violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. (First Am. Compl. ¶ 44.) Plaintiff's UCL claim is derivative of her other claims and alleges, in its entirety: "Defendants . . . [*sic*] violation of the Rosenthal Act, their fraud, unlawful foreclosure and illegal trustee sale actions, as alleged herein, constitute unlawful, unfair, and/ or fraudulent business practice [*sic*], as defined in the California business [*sic*] and Professions Code §17200 et seq." (Id.) Defendants move to dismiss this claim on the grounds that plaintiff's TILA-based UCL claim is preempted and that plaintiff has otherwise failed to state a claim on which relief can be granted. (Defs.' Memo. at 12-14.)

California's UCL permits recovery for "'any unlawful, unfair or fraudulent business act or practice.'" Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 180, 973 P.2d 527, 539 (1999) (quoting Cal. Bus. & Prof. Code §§ 17200); see also Wang v. Chinese Daily News, Inc., 623 F.3d 743, 758 (9th Cir. 2010). "Each of these three prongs constitutes a separate and independent cause of action." Martinez v. Wells Fargo Home Mortgage, Inc., 598 F.3d 549, 554 (9th Cir. 2010) (citing Cel-Tech Commc'ns, Inc., 20 Cal.4th at 180, 973 P.2d at 539-40). "An action based on this statute '"borrows" violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices

independently actionable under section 17200.'" Wang, 623 F.3d at 758-59 (quoting Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383, 826 P.2d 730 (1992)).

Plaintiff's UCL claim, which is premised on plaintiff's fraud, RFDCPA, and unlawful foreclosure claims, should be dismissed with prejudice.[10] First, as discussed above and argued by defendants, plaintiff has not satisfactorily alleged either fraudulent or unlawful conduct. Accordingly, plaintiff's UCL claim should be dismissed to the extent it relies on the unlawful and fraudulent business practice prongs of Section 17200.

Second, plaintiff has not alleged a cognizable claim under the UCL based on an unfair business practice. A judge of the Northern District of California recently summarized the uncertainty regarding the standard used to evaluate alleged "unfair" acts or practices:

> The definition of "unfair" acts or practices in consumer actions is uncertain. There are two opposing lines of California appellate court opinions. *See, e.g.*, *Morgan v. Harmonix Music Sys., Inc.*, 2009 WL 2031765, at *4 (N.D.Cal. July 7, 2009) (noting the split in authority); *Bardin v. Daimlerchrysler Corp.*, 136 Cal.App.4th 1255, 1260, 39 Cal.Rptr.3d 634 (2006) (same). "One line defines 'unfair' as prohibiting conduct that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Bardin*, 136 Cal.App.4th at 1260, 39 Cal.Rptr.3d 634 (internal citation omitted). "The other line of cases holds that the public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." Id. at 1260-61, 39 Cal.Rptr.3d 634 (internal citation omitted).

---

[10] Defendants move to dismiss plaintiff's UCL claim to the extent that it is premised on alleged violations of TILA on the ground that such a claim is preempted. (Defs.' Memo. at 12-13.) However, plaintiff's First Amended Complaint does not premise the UCL claim on violations of TILA. (See First Am. Compl. ¶ 44.) Thus, defendants' argument is misplaced. In any event, were the undersigned to reach defendants' preemption argument, it would be well-taken. The Ninth Circuit Court of Appeals has stated, albeit in dictum, that a plaintiff may not take advantage of the UCL's longer limitation period to remedy TILA violations because such action would constitute an "attempt to enforce a state regulation in an area expressly preempted by federal law." See Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1007 n.3 (9th Cir. 2008); see also Kanady v. GMAC Mortgage, LLC, No. CV F 10-1742 LJO DLB, 2010 WL 4010289, at *13 (E.D. Cal. Oct. 13, 2010) (unpublished); Almunir v. Aurora Loan Serv., LLC, No. CIV S-10-0733 JAM GGH PS, 2010 WL 2106278, at *2-3 (E.D. Cal. May 25, 2010) (unpublished). Here, plaintiff would be doing just that with respect to her time-barred TILA claim.

Rosenfeld v. JPMorgan Chase Bank, N.A., ___ F. Supp. 2d ___, No. C 09-6070 MEJ, 2010 WL 3155808, at *17 (N.D. Cal. Aug. 9, 2010).

Here, plaintiff has not alleged any facts that would satisfy either test with respect to an unfair business act or practice. Instead, her UCL claim takes the form of one conclusory allegation. Accordingly, plaintiff's UCL claim premised on an unfair act or practice should be dismissed. Such dismissal should be with prejudice. Nothing in plaintiff's First Amended Complaint or written opposition suggests that she could further amend her pleading to state a claim under the UCL.

G. Plaintiff's Claim for Declaratory Relief

Plaintiff also seeks declaratory relief. (First Am. Compl. ¶¶ 45-46.) Her request is based on her contentions that: (1) the note at issue was invalid; (2) that non-judicial foreclosure was improper because neither defendant is a holder of the original note on the subject property; and (3) that plaintiff funded her own loan her promissory note.

In seeking declaratory relief, a plaintiff must satisfy a two part test under the Declaratory Judgment Act, 28 U.S.C. § 2201, demonstrating that a declaratory judgment is appropriate. See Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005). The court must first determine if an actual case or controversy exists; then, the court must decide whether to exercise its jurisdiction to grant the relief requested. Id.

For declaratory relief, there must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment. Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941). Unless an actual controversy exists, the district court is without power to grant declaratory relief. Garcia v. Brownell, 236 F.2d 356, 357-58 (9th Cir. 1956). The mere possibility, even probability, that a person may in the future be adversely affected by official acts not yet threatened does not create an "actual controversy." Id. Further, declaratory relief should be denied if it will "neither serve a useful purpose in clarifying and settling the legal relations in

issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

Here, the declaratory relief plaintiff seeks is commensurate with the relief sought through her other causes of action. Thus, plaintiff's declaratory relief claim is duplicative and unnecessary. See Permpoon v. Wells Fargo Bank Nat. Ass'n, No. 09-CV-01140-H (BLM), 2009 WL 3214321, at *5 (S.D. Cal. Sep. 29, 2009) (unpublished). In addition, because the contentions underlying plaintiff's declaratory relief request are without basis in fact or law, she cannot establish an actual present controversy that justifies this remedy. Accordingly, there is no real, immediate controversy to adjudicate, and plaintiff's request for declaratory relief should be dismissed.

H. Plaintiff's Claim for Injunctive Relief

Finally, plaintiff's First Amended Complaint seeks injunctive relief. (First Am. Compl. ¶ 47.) Injunctive relief is a remedy that derives from the underlying claims, not an independent claim. See, e.g., Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010); Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F. Supp. 2d 1039, 1049 (N.D. Cal. 2009); Schimsky v. U.S. Ofc. of Personnel Mgmt., 587 F. Supp. 2d 1161, 1168 (S.D. Cal. 2008); Cox Comm'n PCS, L.P. v. City of San Marcos, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002); accord Marlin v. Aimco Venezia, LLC, 154 Cal. App. 4th 154, 162, 64 Cal. Rptr. 3d 488, 494-95 (Ct. App. 2007). Accordingly, the court recommends dismissal of plaintiff's "claim" for injunctive relief.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that defendants' request for judicial notice is granted.

It is FURTHER RECOMMENDED that:

1. Defendants' motion to dismiss (Dkt. No. 22) be granted.

2. Plaintiff's First Amended Complaint be dismissed with prejudice.

3. This case be closed and all future dates in this case be vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED and RECOMMENDED.

DATED: January 31, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE